BARNEY HULL & another *vs.* THADDEUS RICHARDSON & another.

Under the *St.* of 1852, c. 312, an action of contract on an account annexed for " balance due for bread furnished to the defendant's agent K," and for " bread delivered to the defendant's agent K," is supported by proof that the bread was consigned to K for sale and sold by him, and the money used in the defendant's business.

ACTION OF CONTRACT. " And the plaintiffs say, the defendants owe them twenty eight dollars, according to the account hereto annexed :

| " Richardson & Hartshorn to Hull & Houghton, | Drs. |
|---|---|

Item 1.   To balance due for bread Dec. 5, 1853, furnished your agent,
       Geo. W. Keyes, - - - - - - 8.00
Item 2.   To bread from Dec. 5, 1853, to Jan. 22, 1854, delivered your
       agent, Geo. W. Keyes, - - - - - 20.00 "

Trial in the court of common pleas before *Hoar*, J., who signed the following bill of exceptions : " The declaration is a part of the case. The proof at the trial was that George W. Keyes acted as the agent of the defendants; that he took the bread named in the declaration on commission to sell for the plaintiffs; that the bread was to remain the property of the plaintiffs ; that the defendants' agent was to sell it at a commission of twenty per cent. and return to the plaintiffs what remained unsold. It was also in evidence that this contract was carried out, and the money received for the bread was used by the agent in the defendants' business; and the present action was brought to recover the eighty per cent. due the plaintiffs, as the proceeds of the sales.

" The defendants contended that the proof did not support the declaration, and that in that form of action the plaintiffs could not recover. But the court ruled that although a count for money had and received would have been more correct in form, yet, no exception having been made until the evidence was all in, the declaration, under the new practice act, would be suffi-cient. The defendants, feeling aggrieved thereat, except."

· *J. Q. A. Griffin,* for the defendants. A declaration for money had and received would have been the proper form. *Ayres* v *Sleeper,* 7 Met. 45. The new practice act affects the style only

and not the substance, and has in no manner changed the law as to the essential averments in declarations. *St.* 1852, *c.* 312, § 1, and forms annexed. The defendants could not make the objection until the plaintiffs had offered their proof.

*M. G. Cobb*, for the plaintiffs.

BY THE COURT. Had the declaration in the present case, including the account annexed, been simply for goods sold and delivered, and the proof had been of bread consigned for sale, on the terms stated in the exceptions, and the real object had been to recover a balance due of the proceeds of bread sold under such consignment, there would have been much force in the defendants' exception, if not decisive. *Ayres* v. *Sleeper*, 7 Met. 45 *Brown* v. *Holbrook, ante*, 102.

But by the new practice act, *St.* 1852, *c.* 312, § 2, *cl.* 7, " a count on an account annexed, in the form hereafter prescribed, may be used, when one or more items are claimed, either of which would be correctly described by any of the common counts," which include " money had and received," and " goods sold and delivered." The effect of these provisions is, that a plaintiff may state in his account, and therefore unite in his declaration, any demands, however various or numerous, which under the old practice might have been declared for in any of the common counts.

This declaration is in precisely the form prescribed—that the defendants owe the plaintiffs, according to the account annexed. The defect, if any, is in the account annexed, as not being sufficiently full and precise. This, if true, would be no ground of exception for variance. But we do not perceive that the account is open to the objection. The terms " bread furnished," and " delivered " to the defendants' agent are consistent with a sale, but well enough describe a balance due for bread sold on consignment. *Exceptions overruled.*